IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-CR-831 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| ADOLPHUS PHILPOT, | |
| Defendant | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon Defendant Adolphus Philpot's ("Defendant") Motion to Prohibit Evidence That Defendant is a Convicted Felon filed on October 23, 2022 ("Defendant's Motion"). (Doc. No. 33.) On October 31, 2022, the United States of America filed a Response in Opposition to Defendant's Motion ("the Government's Response"), and on November 6, 2022, Defendant filed a Reply thereto ("Defendant's Reply"). (Doc. Nos. 35, 36.) Accordingly, Defendant's Motion is ripe for a decision. For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

I. **Background**

On December 2, 2021, an indictment was filed against Defendant alleging that he knowingly possessed two firearms that had traveled in interstate commerce, after having been convicted of three felonies punishable by more than one year of imprisonment[1], in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1.) In Defendant's Motion, Defendant asks this Court to prevent the jury from hearing that

---

[1] These three felony convictions as alleged in the indictment occurred in the following Cuyahoga County Court of Common Pleas cases: 1. Domestic Violence, on or about December 9, 2014, in Case Number CR-14-591722; 2.) Aggravated Assault, on or about November 19, 2013, in Case Number CR-13-577897; and 3.) Trafficking in Drugs, in Case Number CR-08-516011 on or about December 2, 2008.

he is a three-time convicted felon, specifically the name and nature of each of his prior felony convictions because evidence of same is "immaterial, inadmissible and far more prejudicial than probative." (Doc. No. 33, PageID #s 82-83.)  Further, Defendant asks this Court to prevent the jury from learning that he is a felon, arguing that "any evidence that [he] has a felony record creates the unacceptable risk that the jury could improperly use this information, not to determine [his] guilt for the charged offense, but as proof of his bad character." (*Id.*)  Defendant represents that he is prepared to stipulate to the fact that he is a convicted felon, but requests that the Court instruct the jury in broader terms, specifically that Defendant has stipulated that he is a "prohibited person".

In support of his arguments, Defendant cites to Fed. R. Crim. P. 403, in effect arguing that evidence of the name and nature of his prior felony convictions and that he is a convicted felon should be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury." (Doc. No. 33, PageID # 83, quoting Fed. R. Crim. P. 403.)  In further support thereof, Defendant relies upon the United States Supreme Court's decision in *Old Chief v. United States*, 519 U.S. 172 (1997).

In the Government's Response, the Government does not dispute Defendant's contention that *Old Chief* dictates the conclusion that the jury should not hear the type or name or nature of Defendant's prior felony convictions because this information could cause undue prejudice to Defendant.  However, the Government asserts that Defendant's reliance on *Old Chief* as a basis for his argument that the Court should instruct the jury that Defendant has stipulated that he is a "prohibited person" is misplaced.  Further, the Government cites to Section 12.01 FIREARMS – Possession of Firearm or Ammunition by Convicted Felon of the Sixth Circuit Pattern Jury Instructions, and the Committee Commentary Instruction for 12.01 to support its position that the

proper stipulation is that the defendant was convicted of a crime punishable by more than one year imprisonment.  Also, the Government argues that because Defendant's suggested stipulation is not a stipulation to an element of the offense, and because pursuant to *Rehaif v. United States*, 139 S.Ct. 2191 (2019) it must prove that Defendant knew of his convicted *felon* status, Defendant's request that he be referred to as a "prohibited person" should be denied.

In Defendant's Reply, Defendant asserts that in *Old Chief*, the Court merely weighed the probative value and unfair prejudice of the two evidentiary alternatives at issue therein, i.e., the stipulated fact of a prior felony conviction, versus the name and nature of that felony conviction, but did not address the specific question presented herein, i.e., whether Defendant can be identified as a convicted felon, or should be identified as a "prohibited person" to the jury.  Defendant argues that the exercise of sound judicial discretion favors using the less prejudicial term "prohibited person".

**II.     Discussion**

In *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), the Supreme Court held that a trial court abuses its discretion when it rejects a defendant's offer to stipulate his status as a felon for purposes of 18 U.S.C. § 922(g)(1).  The court "reasoned that the admission of the name and nature of a defendant's prior felony conviction can be prejudicial because the defendant's prior felony conviction was relevant solely to prove an element of § 922(g)(1)." *United States v. Stotts*, 176 F.3d 880, 887 (6th Cir. 880).  The Government is correct when it asserts that Defendant's reliance on *Old Chief* for the proposition that this Court should only advise the jury that he is a "prohibited person" is misplaced; indeed, Defendant acknowledges this in his Reply. What *Old Chief* compels this Court to do, is prevent the jury from hearing the *names* or *natures* of Defendant's prior convictions punishable by more than one year, i.e., Domestic Violence, Aggravated

3

Assault, and Trafficking in Drugs.  Accordingly, Defendant's Motion is granted in part to the extent it seeks to preclude the Government and any and all of its witnesses from mentioning to the jury the names and natures of Defendant's three prior felony convictions.

However, having considered the arguments of the parties and the authorities cited in support thereof, Defendant's Motion is denied to the extent Defendant asks this Court to prevent the jury from hearing that he has been convicted of crimes punishable in excess of one year, or felonies, and refer to him only as a "prohibited person".  Indeed, a crime punishable by a term of imprisonment in excess of one year is a felony and this Court intends to instruct the jury that it is not to consider Defendants prior felony convictions for any improper purpose.  *See United States v. Comrie*, 136 Fed.Appx. 883, 888 (6th Cir. 2005).

Accordingly, Defendant's Motion is granted in part and denied in part, as set forth herein.

**IT IS SO ORDERED.**

Date:  November 22, 2022

  *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE