IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ADOLPHUS PHILPOT, | Case No.: 1:21-CR-831 |
| | 1:25-CV-1514 |
| Defendant/Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| UNITED STATES OF AMERICA, | |
| | MEMORANDUM OPINION & ORDER |
| Plaintiff/Respondent | |

This matter is before the Court upon Defendant-Petitioner Adolphus Philpot's ("Philpot" or "Petitioner") *pro se* Motion Under 28 U.S.C. § 225 to Vacate, Set Aside or Correct Sentence filed on July 14, 2025 ("Petitioner's Motion"). (Doc. No. 80.) On August 14, 2025, Plaintiff/Respondent United States of America filed the Government's Response in Opposition to Petitioner's Motion ("the Government's Response"). (Doc. No. 81). Although given until August 28, 2025 to file a Reply in support of Petitioner's Motion, Philpot did not do so. Accordingly, Petitioner's Motion is ripe for a decision and for the following reasons, it is DENIED.

# I. BACKGROUND

## A. Procedural History

On December 2, 2021, a federal grand jury returned a single count indictment charging Philpot with possession of firearms as a felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1.) A jury trial commenced on January 4, 2023, and Philpot was found guilty of possessing two firearms – a loaded Ruger P95 9. millimeter firearm and a loaded Hi-Point .380-caliber semi-automatic pistol - as a felon. (Doc. Nos. 51 and 52,) The Court imposed a 77-month sentence to run consecutive to Philpot's state sentence. (Doc. No. 58.) Philpot appealed to the Sixth Circuit Court of Appeals

arguing: (1) that the elapsed time between his arraignment and trial violated the Speedy Trial Act; (2) that § 922(g)(1) violates his Second Amendment rights; and (3) that he received ineffective assistance of counsel.  The Sixth Circuit rejected Philpot's first two arguments and declined to decide his ineffective assistance of counsel argument on direct appeal; and affirmed Philpot's conviction in an Opinion issued on July 16, 2024.  Philpot did not file a petition for certiorari in the United States Supreme Court.  Petitioner's Motion was timely filed on July 14, 2025 or within one year of the date on which the judgment of conviction became final.

### B.  Relevant Factual History

In January 2021, Cleveland Police responded to a shots-fired call and found an individual screaming that he had been shot by an intoxicated Philpot with a .380-caliber handgun.  On March 26, 2021, police arrested Philpot on an outstanding arrest warrant for Felonious Assault and Having Weapons While Under Disability in connection with the shooting.  After Philpot's arrest, Special Agent Brian Middaugh ("Middaugh") listened to three calls from jail that Philpot had placed and interpreted them to mean that Philpot wanted his sister, Diamond Jackson ("Ms. Jackson"), to retrieve a firearm from the residence of his wife, Corina Moses, where Philpot at times stayed.  According to Middaugh, Philpot told Ms. Moses that the gun needed to "get out of there because law enforcement is going to come back with a search warrant and search everything and find it."  (Doc. No. 65, PageID # 628.)  Indeed, police did obtain a search warrant and returned to Ms. Moses's residence, but no firearms were located.

That is because according to Philpot's sister, Diamond Jackson ("Ms. Jackson"), on March 26, 2021 and after Philpot had been arrested, she went to Ms. Moses' residence two times and each time she was given a firearm by Ms. Moses to take to her residence and she did take them there and placed them in a closet in her bedroom.

On April 7, 2021, Middaugh called Ms. Jackson and learned that the two firearms were at her residence and police recovered from the bedroom of her residence, the two firearms that formed the basis for the charge of felon in possession of firearms made against Philpot.  On May 20, 2021, Middaugh spoke with Philpot's wife, Corina Moses ("Ms. Moses"), and Philpot's sister, Diamond Jackson ("Ms. Jackson"), to attempt to learn how the two firearms police retrieved at Ms. Jackson's residence on April 7, 2021 had been moved between Ms. Moses's residence and that of Ms. Jackson. After those phone calls, Philpot called Middaugh and asked him why Middaugh was calling his family.  After Middaugh advised Philpot that he wanted to know where the firearms had come from, Philpot responded that:  he was not going to say that he bought the firearms; he had received them on March 23 or 24; on the day of his arrest, the firearms were not at Ms. Moses's residence but were already at Ms. Jackson's residence; and the firearms were his and did not belong to Ms. Jackson. During an in-person interview with Philpot on June 20, 2021, Philpot told Middaugh that he received the street guns, that both guns were already at Ms. Jackson's house when he was arrested and denied that Ms. Moses and Ms. Jackson had anything to do with the firearms.  Philpot told Middaugh that the two guns were his and to charge him with them.  Then, on June 30, 2021, Middaugh interviewed Philpot in person without an attorney present and Philpot confessed the firearms were his and had been moved.

### C. Petitioner's Arguments

In Petitioner's Motion, Philpot sets forth two grounds or claims for relief.  Philpot's first ground or claim for relief is that "Trial counsel was constitutionally ineffective for failing to zealously advocate during court proceedings."  (Doc. No. 80, PageID # 901.)  In support thereof, Philpot cites the following specific facts that he asserts support his claim.  His trial counsel was deficient in failing

:

to zealously advocate for him by failing to move to suppress his statements made to Special Agent Middaugh; and trial counsel left Philpot, an untrained lay person, in the detrimental position of having to forego constitutional challenges or personally advocate for his constitutional rights before the district court.

Philpot's second ground or claim for relief is that "Trial counsel was constitutional[ly] ineffective for failing to object to court proceedings." (*Id.*, PageID # 902.)  In support thereof, Philpot cites the following specific facts that he asserts support his claim.  His trial counsel was ineffective for not objecting to recordings being played to the jury out of context.

Philpot contends that this Court should find that his Sixth Amendment right to effective counsel was violated and therefore, the Court should remand his case for a new trial.  (*Id.*, PageID # 908.)

## II. LAW AND ANALYSIS

### A. Standard of Review

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v.*

*Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting v. *United States Davis*, 417 U.S. 333, 346 (1974)). Any motion for relief must "state the facts supporting each ground." 28 U.S.C. § 2255 Proc. R. 2(b)(2). "[C]onclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013), quoting *United States v. Moya*, 676 F.ed 1211, 1213 (10th Cir. 2012).

Claims of ineffective assistance of counsel are appropriately raised in a section 2255 motion, and a petitioner "must prove his allegation that his lawyers were constitutionally ineffective by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). The well-established federal law used for assessing ineffective assistance of counsel claims is the framework set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* imposes a two-prong test for determining whether counsel was constitutionally ineffective. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).

Under the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. In other words, a court assessing an ineffective assistance claim must "determine whether, in light of all the circumstances, the [challenged] acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690. When making this assessment, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Under the second prong, the defendant must show that his counsel's error prejudiced him. *Id*. at 691-92. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

:

have been different." *Id*. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Under *Strickland*, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691; *accord, e.g., Wiggins,* 539 U.S. at 521–22. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91. As the Sixth Circuit has explained, "[t]he deference a reviewing court must give to counsel's strategic decisions depends on the adequacy of the investigation underlying counsel's decisions." *Smith v. Jenkins*, 609 Fed. Appx 285, 292 (6th Cir. 2015) (citing *Wiggins*, 539 U.S. at 521). Failure to make such an investigation "must be supported by a reasoned and deliberate determination that investigation was not warranted." *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

When a factual dispute arises in a § 2255 proceeding, an evidentiary hearing is required "'to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The burden borne by a § 2255 petitioner to obtain a hearing is not onerous. *See Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citing *Turner*, 183 F.3d at 477). But a petitioner is not entitled to an evidentiary hearing if he has not alleged any facts that, if true, would entitle him to federal habeas relief. *See McSwain v. Davis*, 287 Fed. Appx 450, 458 (6th Cir. 2008); *Amr v. United States*, 280 Fed. Appx 480, 485 (6th Cir. 2008) (holding that an evidentiary hearing was "unnecessary" where there was "nothing in the record to indicate that [the petitioner] would be able to prove his allegations" at a hearing). *See also Napier v. United States*, 1993 WL 406795 at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would

:

entitle him to relief under § 2255.") (citing *Machibroda v. United States*, 368 U.S. 487, 496 (1962)). *See also Valentine*, 488 F.3d at 334 (finding that the burden is met where the petitioner "offers more than a mere assertion of his innocence; he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible.'")

Moreover, a hearing is not necessary when a petitioner's claims "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'" *Valentine,* 488 F.3d at 334 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where, as here, the judge considering the § 2255 motion also presided over the trial, the judge may rely on her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977)).

**B. Analysis of Petitioner's Grounds or Claims for Relief.**

Under Ground 1, Philpot argues that his counsel should have filed a motion to suppress statements made by him to Middaugh. As noted above, strategic decisions by counsel are given a strong presumption of reasonableness. Such strategic decisions include the decision whether to file certain motions. *See Stephens v. United States*, 2018 WL 1522080 at *3 (S.D. Ohio Mar. 28, 2018). Indeed, the Sixth Circuit has made clear that defense counsel is not required to file frivolous motions or make meritless arguments. *See Goff v. Bagley*, 601 F.3d 445, 469 (6th Cir. 2010); *United States v. Blough*, 2022 WL 16923966 at *6 (N.D. Ohio Nov. 14, 2022). Even if counsel should have filed a suppression motion, a petitioner is not entitled to relief absent proof that the motion would have been successful. *Howard v. Bouchard*, 405 F.3d 459, 480 (6th Cir. 2005).

As the Government correctly argues, Philpot has not demonstrated that a motion to suppress the statements he made to Middaugh would have been meritorious. Philpot himself called Middaugh in May 2021 and during that call, which the Government represents was recorded by Middaugh,

:

Philpot admitted that the firearms were his, without invoking his Fifth Amendment. (Doc. No. 44, PageID # 176.)[i] And according to the Government, and based upon a recording of the interview, during his in-person interview with Middaugh, Philpot waived his *Miranda* rights before he admitted that the guns were his and how he came into possession of them. (Doc. No. 81, PageID # 925, fn 1, citing the Government's Trial Brief, Doc. No. 44, PageID # 176 wherein the Government represented that "on June 30, 2021, Philpot provided a (in-custody) statement after waiving his *Miranda* rights to ATF SAs Middaugh and Briggs, which was recorded.") Philpot has not submitted any affidavit or evidence demonstrating otherwise. Indeed, Philpot has not provided any proof that any motion to suppress the statements he made to Middaugh would have been meritorious.

In Ground 2, Philpot asserts that his trial counsel was deficient for failing to object to recordings played before the jury and the Court, like the Government, presumes that Philpot is referring to the jail calls between Philpot and others and excerpts from Middaugh's interview of Philpot on June 30, 2021. Again, Philpot must prove by a preponderance that his claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence to demonstrate actual prejudice. Philpot has not made this showing.

Accordingly, and for the reasons set forth above, Petitioner's Motion is DENIED.

**IT IS SO ORDERED.**

                                                                  *s/Pamela A. Barker*
                                                                  PAMELA A. BARKER
Date: September 22, 2025                  U. S. DISTRICT JUDGE

---

[i] In its Trial Brief, the Government represented that because many of the recordings involving Philpot involved discussing Philpot's state felonious assault charges, the government [would] elicit specific testimony from SA Middaugh rather than play redacted segments of most of the recordings." (Doc. No. 44, PageID # 176.) The Government also represented that it would "likely lead certain witnesses through portions of direct examination to avoid witnesses' inadvertent testimony regarding custody or state charges." (*Id.*) Importantly, the Government also represented that it had "received the consent

of Philpot's counsel in the context of leading questions in this specific area" and that '[t]he only recordings the government intends to play for the jury will be brief snippets from the June 30, 2021 statement." (*Id.*) This indicates to the Court that defense counsel was aware of the content of the recorded statements made by Philpot and if he thought filing a motion to suppress based upon a *Miranda* violation or objecting to playing portions of the recording(s) was appropriate, he would have filed a motion to suppress and objected to what he knew was the Government's intent to play portions of the recording(s).